**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian M. Katt, et al., | No. CV-14-08042-PCT-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Jordan J. Riepe, et al., | |
| Defendants. | |

Defendants Dominic Femia and Comprehensive Business Services, LLC, d/b/a WCI Brokers Business Opportunities & Real Estate Investments (collectively the "WCI Defendants"), have filed a motion to compel arbitration. Doc. 27. The motion is fully briefed and no party has requested oral argument. The Court will deny the motion.[1]

**I. Background.**

This case involves an ill-fated transaction between Plaintiffs Brian and Rachel Katt and Defendants Jordan and Janette Riepe for the sale of the Katts' business, U.S. Metro Towing and Recovery LLC ("U.S. Metro"). Plaintiffs entered into an agreement with the WCI Defendants to represent Plaintiffs in the sale of U.S. Metro. Doc. 1, ¶ 28. The WCI Defendants negotiated with the Riepes to buy U.S. Metro from Plaintiffs, and a "Business Assets Purchase Agreement" (the "Agreement") was signed on June 5, 2013.

---

[1] Plaintiffs filed a sur-reply (Doc. 47) and the WCI Defendants moved to strike it (Doc. 48). The Local Rules do not permit sur-replies (*see* LRCiv 7.2), and Plaintiffs did not seek the Court's permission to file any additional memoranda. The Court will disregard the sur-reply and deny the motion to strike as moot.

*Id.*, ¶ 31. The Riepes did not have any financing in place by the July 1, 2013 closing date provided for in the Agreement. *Id.* at 32.

Plaintiffs and the Riepes signed an amendment to the Agreement which provided that a payment of $40,000 would be made on July 17, 2013, followed by a payment of $250,000 on October 1, 2013. *Id.*, ¶ 39. Plaintiffs then transferred U.S. Metro's assets to the Riepes even though the Riepes had not yet secured financing or paid them any money. *Id.*, ¶¶ 43-44. Plaintiffs allege that the Riepes have failed to pay them for U.S. Metro despite continued negotiations and additional amendments to the Agreement.

Plaintiffs brought this action on March 14, 2014, and assert claims against the WCI Defendants for breach of fiduciary duty, constructive fraud, fraud, negligence, breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment. *See* Doc. 1. The WCI Defendants seek to compel arbitration based on an arbitration provision in the Agreement. Doc. 27 at 2.

**II.    Legal Standard.**

Under the Federal Arbitration Act ("FAA"), "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, . . . shall be valid, irrevocable, and enforceable[.]" 9 U.S.C. § 2; *see also Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 113-19 (2001); *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000); *Tracer Research Corp. v. Nat'l Envtl. Servs. Co.*, 42 F.3d 1292, 1294 (9th Cir. 1994), *cert. dismissed*, 515 U.S. 1187 (1995). "Although [a] contract provides that [state] law will govern the contract's construction, the scope of the arbitration clause is governed by federal law." *Tracer Research Corp.*, 42 F.3d at 1294 (citing *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1463 (9th Cir. 1983)); *see Circuit City Stores*, 279 F.3d at 892; *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999).

"Notwithstanding the federal policy favoring it, 'arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not

agreed so to submit.'" *Tracer Research Corp.*, 42 F.3d at 1294 (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)). Courts may not invalidate arbitration agreements under state laws applicable only to arbitration provisions, but general state-law contract defenses such as fraud, duress, or unconscionability may invalidate arbitration agreements. *Circuit City Stores*, 279 F.3d at 892 (quoting *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)).

### III.     Analysis.

The WCI Defendants point to paragraph 45 of the Agreement, which provides that "any dispute arising between and/or among Buyer, Seller and/or Broker, or Broker's agents," related to or arising out of the Agreement or the Broker's Agreement and Questionnaire, including disputes related to fiduciary duties, "shall be submitted to binding arbitration in accordance with the rules of the American Arbitration Association then prevailing." Doc. 1 at 83, ¶ 45. The WCI Defendants argue that the Seller is suing the Broker and that the lawsuit arises from the Agreement. Doc. 27 at 2.

Plaintiffs contend that "there is fraud in the inducement of the arbitration provision itself." Doc. 35 at 5-6. Although the Court may only consider the validity of the arbitration provision and not the Agreement as a whole, it can consider a claim of fraud in the inducement of the arbitration provision. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967) ("[I]f the claim is fraud in the inducement of the arbitration clause itself – an issue which goes to the 'making' of the agreement to arbitrate – the federal court may proceed to adjudicate it."). Fraud is a basis for revoking a contract under Arizona law. *U.S. Insulation, Inc. v. Hilro Const. Co., Inc.*, 705 P.2d 490, 493-94 (Ariz. Ct. App. 1985).

Plaintiffs argue that the WCI Defendants "suppressed the material fact" that the arbitration provision applied to disputes between Plaintiffs and the WCI Defendants, and failed to disclose that the provision effectively amended the Broker Agreement between Plaintiffs and the WCI Defendants, which contained no such provision. Doc. 35 at 5. Plaintiffs contend that the WCI Defendants owed them a fiduciary duty to inform them of

the arbitration provision, and that failure to call the provision to their attention before they signed the Agreement was "equivalent to fraudulent activity." *Id.* at 6.

The WCI Defendants do not dispute that they drafted the Agreement on Plaintiffs' behalf and included the provision for arbitration of disputes between them and Plaintiffs. Nor do the WCI Defendants claim that they specifically advised Plaintiffs that they had included the arbitration provision.

In Arizona, "[a] broker owes a fiduciary duty to disclose material facts to its client." *Lerner v. DMB Realty, LLC*, 322 P.3d 909, 919-20 (Ariz. Ct. App. 2014). The WCI Defendants agree that this duty applies to them, but argue that the existence of the arbitration provision was not material to the transaction between the Riepes and the Plaintiffs and therefore did not fall within their duty of disclosure. Doc. 46 at 4. But the duty recognized in *Lerner* is not limited to facts material to the business transaction. A broker must disclose "facts it 'knows or has reason to know the principal would wish to have," or facts "material to the agent's duties to the principal." *Lerner*, 322 P.2d at 919-20 (citing Restatement (Third) of Agency § 8.11 (2006)). The addition of an arbitration agreement between the WCI Defendants and Plaintiffs – a provision that had not been included in the contract between the WCI Defendants and Plaintiffs – was a fact material to the WCI Defendants' duty to Plaintiffs and a fact the WCI Defendants should have known Plaintiffs would wish to learn.

*Lerner* cites § 8.11 of the Restatement of Agency, and one of the comments in that section provides that "[w]hen an agent deliberately withholds material information from the principal to further the agent's own purposes, the agent's conduct is inconsistent with the agent's fiduciary duty to act loyally for the principal's benefit[.]" Restatement (Third) of Agency § 8.11, cmt. d (2006). The WCI Defendants added the arbitration provision to Plaintiffs' agreement with the Riepes, an act that did not necessarily benefit the WCI Defendants. But when they expanded the provision to apply to any dispute they might have with Plaintiffs, they did so clearly for their own benefit in any potential dispute with Plaintiffs. They then failed to call the provision, or its application to them,

to the attention of Plaintiffs, conduct that falls within § 8.11 of the Restatement. The WCI Defendants may not be lawyers, but they were Plaintiffs' brokers, and under *Lerner* and the Restatement they owed Plaintiffs a duty to disclose the new arbitration provision.

The WCI Defendants argue that they provided Plaintiffs with a copy of the Agreement, suggested that Plaintiffs read it carefully, and advised Plaintiffs to seek legal counsel. But this was not enough to fulfill their fiduciary duty under Arizona law. In *Leigh v. Lloyd*, 244 P.2d 356 (Ariz. 1952), which *Lerner* cites as still good law, the Arizona Supreme Court held that "[a] real estate agent owes the utmost good faith and loyalty to his principal," and that the agent in *Leigh* did not discharge that duty by providing the principal with a document that included the information he was obligated to disclose. *Id.* at 358-59. The court explained that "the general rule requiring the [principal] to exercise due diligence, and to avail himself of means of knowledge within reach, does not apply if a relation of trust or confidence exists between the parties, so that one of them places peculiar reliance in the trustworthiness of the other, and in such cases the latter is under a duty to make a full and truthful disclosure of all material facts and is liable for either misrepresentation or concealment." *Id.* (citing 37 C.J.S., Fraud, § 35, p. 282) (ellipses and quotation marks omitted).

The Court concludes that the WCI Defendants had a fiduciary duty under Arizona law to disclose to Plaintiffs the arbitration provision and its application to disputes Plaintiffs might have in the future with the WCI Defendants. They did not do so. "Suppression of a material fact which a party is bound in good faith to disclose is equivalent to a false representation." *Id.* at 358. The Court concludes that the arbitration provision is unenforceable because it was procured by the legal equivalent of fraud.

**IT IS ORDERED:**

1. The WCI Defendants' motion to compel arbitration and stay proceedings (Doc. 27) is **denied**.
2. Defendants' motion to strike (Doc. 48) is **denied as moot**.

1    3.   All parties are advised to comply in the future with the font requirements of
2         LRCiv 7.1(b)(1).
3    Dated this 25th day of July, 2014.

*[signature: Daniel G. Campbell]*

David G. Campbell
United States District Judge