**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian M. Katt, et al., | No. CV-14-08042-PCT-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Jordan J. Riepe, et al., | |
| Defendants. | |

The parties have filed motions for reconsideration of the Court's June 26, 2015 order.  Docs. 140, 141.  For the reasons stated below, the Court will grant Defendants' motion in part and deny Plaintiffs' motion.

## I.     Background.

This lawsuit arises out of the sale of Plaintiffs Brian and Rachel Katt's vehicle towing business, U.S. Metro.  The ten count complaint named Jordan Riepe, Janette Riepe, J.A.R.R. Towing & Recovery LLC, Duane Weston, McCarthy Weston PLLC, Dominic Femia, WCI Brokers, Michael Shumaker, and BizDoc Inc. as Defendants.

On December 10, 2014, Plaintiffs dismissed their claims against Jordan and JARR.  Doc. 88.  They also dismissed count eight – unjust enrichment – against Janette.  *Id.* at 2.  On January 6, 2015, Plaintiffs dismissed their claims against Femia and WCI Brokers.  Doc. 95.

In March 2015, Plaintiffs filed a motion for partial summary judgment (Doc. 102) and Defendants Janette Riepe, Duane Weston, and McCarthy Weston PLLC filed a

motion for summary judgment (Doc. 113).  Plaintiffs also filed a motion for default judgment against Michael Shumacher and BizDoc.  Doc. 96.  On June 26, 2015, the Court entered an order granting in part and denying in part Defendants' motion for summary judgment, denying Plaintiffs' motion for summary judgment, and denying Plaintiffs' motion for default judgment.  Doc. 138.  Although several of Plaintiffs' claims were dismissed, their claims for unjust enrichment, negligence, and tortious breach of the covenant of good faith and fair dealing survived the ruling.  *Id.* at 18.  Both parties ask the Court to reconsider its order.

## II.     Legal Standard.

Motions for reconsideration are disfavored and should be granted only in rare circumstances.  *Collins v. D.R. Horton, Inc.*, 252 F. Supp. 2d 936, 938 (D. Ariz. 2003).  A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence."  LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).  Mere disagreement with an order is an insufficient basis for reconsideration.  *See Ross v. Arpaio*, No. CV-05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. 2008).  Nor should reconsideration be used to ask the Court to rethink its analysis.  *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998); *see N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

## III.    Defendants' Motion.

Defendants argue that the Court should dismiss Plaintiffs' remaining claims for unjust enrichment, negligence, and tortious breach of the covenant of good faith and fair dealing.  They argue that Plaintiffs dismissed the unjust enrichment claim against Janette in December 2014.  They also assert the Court's factual findings mandate dismissal of the remaining tort claims.

Defendants are correct that Plaintiffs dismissed their unjust enrichment claim against Janette.  Count eight – unjust enrichment – was brought against Jordan, JARR,

Janette, Femia, and WCI Brokers.  Doc. 1 at 59.  Each Defendant has been dismissed via stipulation.  *See* Docs. 88, 95.  This claim will be dismissed.

Defendants' remaining arguments, however, were not raised in their motion for summary judgment.  Doc. 113.  Motions for reconsideration "are not the place for parties to make new arguments not raised in their original briefs."  *Motorola, Inc. v. J.B. Rodgers Mech. Contr.*, 215 F.R.D. 581, 582 (D. Ariz. 2003).  Nor is the Court obligated to make arguments for Defendants when ruling on motions for summary judgment.  *See, e.g., Weissman v. Weener*, 12 F.3d 84, 86 (7th Cir. 1993) (noting that "judges should be hesitant to wander too far astray – in their search for the correct legal result – from the arguments presented to them by the parties"); *First Fin. Bank v. CS Assets, LLC*, 678 F. Supp. 2d 1216, 1241 n.37 (S.D. Ala. 2010) ("As stated repeatedly herein, the Court will not make or develop a party's arguments for it on summary judgment.").  As a result, the Court correctly declined to grant summary judgment on Plaintiffs' claims for negligence and breach of the covenant of good faith and fair dealing.

Because the Court recognizes that Defendants' failure to raise these argument may result in a waste of resources for the Court and all parties, the Court will permit Defendants to file a second motion for summary judgment on these claims.  The motion shall be filed by August 7, 2015, and shall not exceed ten pages.  Plaintiffs' response shall be filed by August 21, 2015, and shall not exceed ten pages.  Defendants' reply shall be filed by August 28, and shall not exceed five pages.  The parties shall not file separate statements of fact under LRCiv 56.1.

**IV.    Plaintiffs' Motion.**

Plaintiffs challenge nearly every facet of the Court's order.  Most of the arguments were already addressed in the prior order and several merely disagree with the Court's analysis.  *See* Doc. 141 at 8-16.  Those arguments will not be addressed.  *See Rezzonico*, 32 F. Supp. 2d at 1116 ("A motion for reconsideration should not be used to ask the court to rethink what the court had already thought through – rightly or wrongly." (internal quotation marks omitted)).  Plaintiffs do, however, raise a legitimate challenge to the

- 3 -

Court's analysis of their motion for default judgment. They also argue the Court committed manifest error with respect to five findings of fact.

### A. Default.

Plaintiffs claim the Court committed error by finding Plaintiffs could not establish the proximate causation element of any of their claims against BizDoc and Shumacher. Doc. 141 at 17. They assert that proximate causation is a question for the jury. Plaintiffs also assert that an intervening cause alone is insufficient to relieve a defendant from liability unless it is also a superseding cause.

"Proximate causation encompasses causation-in-fact and is *generally* a jury question." *Piper v. Bear Med. Sys.*, 883 P.2d 407, 411 (Ariz. Ct. App. 1993) (emphasis added). But proximate cause may be a question of law "when the facts are not only undisputed but are also such that there can be no difference in the judgment of reasonable men as to the inferences to be drawn from them." *Kavanaugh v. Kavanaugh*, 641 P.2d 258, 266 (Ariz. Ct. App. 1981). In order to be a superseding intervening cause, the act must be "both unforeseeable and extraordinary." *Ontiveros v. Borak*, 667 P.2d 200, 206 (Ariz. 1983).

Here, the facts underlying proximate cause were undisputed: (1) Plaintiffs turned over the Bill of Sale and keys to Jordan with full knowledge that he had not received funding, (2) Plaintiffs extended Jordan a line of credit, (3) Plaintiffs breached the Purchase Agreement, (4) Jordan refused to return U.S. Metro to Plaintiffs even after he failed to remit the purchase price, and (5) Plaintiffs repeatedly failed to protect their interests by canceling the contract. Doc. 138 at 17. Therefore, a reasonable jury could not find proximate cause on any of Plaintiffs' claims. Plaintiffs do not argue otherwise in their motion.

To the extent the Court did not expressly identify the acts as "extraordinary," it does so here. The five intervening acts were not only unforeseeable by BizDoc and Shumacher, but they reflected several remarkably poor business decisions by Plaintiffs in which they failed to protect their interests. Plaintiffs failed to cancel the contract several

times when circumstances were questionable, and they committed several breaches of the contract themselves.  What is more, Plaintiffs do not dispute these facts, nor do they argue that these events are insufficient intervening superseding causes.  Consequently, the Court did not commit clear error and it will not reconsider its decision on this issue.

### B.     Summary Judgment.

Plaintiffs argue the Court erred in finding that the Bill of Sale was never delivered to Weston to hold in escrow.  They cite the declaration of Brian Katt, which states: "Weston said that he was going to hold everything until after the vehicles were paid off." Doc. 137, ¶ 1.  Based on this statement, Plaintiffs claim a reasonable jury could find the Bill of Sale was delivered to Weston.  But Brian's recollection of this statement is not evidence that the Bill of Sale was delivered to Weston to hold in escrow.  As the Court noted in its order, Plaintiffs failed to cite any evidence that the Bill of Sale was actually delivered to Weston or that any party instructed him to hold the Bill of Sale as the escrow agent.  And the actual circumstances belie this claim, as it is undisputed that the Bill of Sale was immediately turned over to the Riepes without objection from the Katts.  Brian did not protest until months later, after receiving advice from counsel:

> Q.     Now tell me what was said about this Asset Bill of Sale.   Did [Weston] offer to hold on to it?
>
> A.     I don't recall.
>
> Q.     He was not to give this to Jordan and Janette?
>
> A.     From my understanding, no, he was not supposed to.
>
> Q.     And what's your understanding based on?
>
> A.     I have spoken to my attorney and he advised me that this shouldn't have been given to Jordan and Janette until my money came.

Doc. 111-5 at 29.  Plaintiffs' argument is without merit.

Plaintiffs also claim the Court erred in finding that "neither Plaintiffs nor any Defendants contemplated, let alone instructed, Weston to hold the Bill of Sale."

Doc. 138 at 8. Again, they rely on Brian's declaration. But Plaintiffs point to no evidence of any party instructing Weston to hold the Bill of Sale other than Brian's declaration. In fact, Plaintiffs did not dispute this fact in their briefs. *See* Docs. 111, ¶¶ 33-35; 123, ¶¶ 33-35. And Brian testified at his deposition that he did not give Weston any such instructions. Doc. 111 at 28.

Plaintiffs assert the Court erred in finding that the Purchase Agreement "required Plaintiffs to deliver the Bill of Sale directly to Jordan on July 2, 2013." Doc. 138 at 8-9. They claim a jury could reasonably find that no such requirement existed, and that instead, delivery of the Bill of Sale was not required until the purchase price was paid. Doc. 141 at 6. But the Purchase Agreement explicitly stated: "Seller shall deliver to Buyer, at Closing of the sale, a Bill of Sale for all Assets . . . ." Doc. 105-7 at 10. And the First Amendment to the Purchase Agreement, which was executed on July 2, identified the closing date as July 1. Doc. 111-7 at 2 ("The transaction shall have an effective Closing Date of July 1, 2013."). There is no testimony from any party that the actual closing would take place once the funds were physically transferred. Plaintiffs' arguments are directly contradicted by the evidence.

Plaintiffs argue the Court erred in finding that "Plaintiffs signed the Bill of Sale with full knowledge that it would be immediately turned over to Jordan even though BizDoc had not funded the bridge loan." Doc. 138 at 9. Plaintiffs again rely on Brian Katt's declaration, in which he states: "It never occurred to me that the Weston Defendants would give the Bill of Sale to his client immediately[.]" Doc. 137, ¶ 1. But Brian testified at his deposition that he knew the bridge loan had not been funded and he did not object to Jordan taking the Bill of Sale after it was signed, nor did he instruct Weston to hold it in escrow. Doc. 111-5 at 31, 34. Brian's declaration is directly contradicted by his earlier deposition testimony. And even if Plaintiffs' claim of error was well-taken, this would not change the outcome as it is undisputed that Weston never received the Bill of Sale to hold in escrow. An escrow relationship was never created, and Brian Katt's subjective understanding of the situation is irrelevant.

Lastly, Plaintiffs assert that the Court erred in finding that "Weston's offer to act as escrow agent did not come to fruition" and that "he never actually acted as escrow agent." Doc. 138 at 9. Plaintiffs argue that a reasonable jury could find Weston did act as escrow agent. As the Court has already stated, "[t]here can be no escrow without the conditional delivery of the instrument to a third person as the depositary." Doc. 138 at 7 (citing cases in support). Plaintiffs failed to show that any funds or property were delivered to Weston to hold in escrow. This is fatal to several of Plaintiffs' claims.

Accordingly, Plaintiffs have failed to establish any manifest error in the Court's order. The motion will be denied.[1]

**IT IS ORDERED** that Defendants' motion for reconsideration is **granted in part** and **denied in part**. The unjust enrichment claim against Jeanette is no longer a part of this case. Plaintiffs' motion for reconsideration (Doc. 141) is **denied**. Defendants may file a second motion for summary judgment and it shall be briefed on the schedule set forth above.

Dated this 31st day of July, 2015.

_____
David G. Campbell
United States District Judge

---

[1] Plaintiffs also assert the Court committed clear error by failing to address their request for a sur-reply. But the Court found Plaintiffs' motion to strike adequately addressed any additional arguments raised by Defendants in their reply brief. The request was denied as moot. Doc. 138 at 17.